[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13137
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cr-00358-AKK-GMB-1


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus


JONATHAN JEROME MOORER,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 26, 2021)

Before JILL PRYOR, NEWSOM and LUCK, Circuit Judges.

PER CURIAM:

Jonathan Moorer appeals his convictions for possession of a firearm by a convicted felon, possession of marijuana with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. Moorer argues that there was insufficient evidence to support the jury's determination that he possessed the marijuana with intent to distribute and that he knowingly possessed marijuana and a firearm. After careful review, we affirm.

**I**

A federal grand jury indicted Jonathan Moorer for one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of the drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The indictment was based on the following incident.

In May 2018, a confidential informant told the Birmingham Police Department that he saw Jerome Moorer, the defendant Jonathan Moorer's brother, with narcotics near a park. Police went out to investigate, and Jerome attempted to flee but was arrested. While at the scene, officers discovered a quarter pound of methamphetamine, two grams of marijuana, eight grams of cocaine, and a firearm in Jerome's Dodge truck.

2

After arresting Jerome, the police turned their attention to three individuals in the immediate vicinity and nearby a Chevrolet pickup truck, one of whom was the defendant Jonathan Moorer.  Police searched the Chevrolet truck and discovered a loaded pistol, a small bag of marijuana, and a larger bag of marijuana.  Officers then asked the three men who owned the truck but didn't receive an answer.  After searching the truck, police found Moorer's identification in the glove box, and Moorer then stated that the truck, drugs, and firearm belonged to him.  Initially, officers didn't arrest Moorer because they believed that he would cooperate in the investigation, but Moorer didn't cooperate.  He was subsequently charged.

At trial, Moorer offered no defense and moved for a judgment of acquittal arguing that no reasonable jury could reach a guilty verdict based on the evidence presented as to whether he (1) either actually or constructively possessed a firearm and (2) possessed with the intent to distribute a controlled substance.  The district court denied the motion, and the jury returned a guilty verdict on all three counts.[1]  Moorer was sentenced to a total of 100 months' imprisonment.

---

[1] We review de novo whether there is sufficient evidence to support a conviction.  *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009).  In reviewing the sufficiency of the evidence, we determine whether the evidence, construed in the light most favorable to the government, would permit the reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.  *Id*. at 1284 –85.

## II

## A

We'll start with Moorer's first argument that there was insufficient evidence to support the jury's verdict that Moorer possessed marijuana with the intent to distribute.

Intent to distribute can be proven through circumstantial evidence. *United States v. Capers*, 708 F.3d 1286, 1301 (11th Cir. 2013). We have stated that the quantity of drugs and existence of implements commonly used in connection with the distribution of drugs, like scales, can show the intent to distribute. *Id.* Other implements indicating distribution include drug ledgers and bags for packaging drugs. *United States v. Mercer*, 541 F.3d 1070, 1076 (11th Cir. 2008). Moreover, the "lack of paraphernalia used to consume the drug" can also indicate intent to distribute. *Id.*

Here, viewed in the light most favorable to the jury's verdict, there was sufficient evidence for a reasonable jury to find that Moorer knowingly possessed the marijuana with intent to distribute. Officers testified at trial that there was a larger and a smaller bag of marijuana and that, in their experience, having both indicated a sale of narcotics. Further, none of the detectives discovered any paraphernalia that could be used to consume the marijuana, which provides additional circumstantial evidence of intent to distribute.

**B**

Moorer next argues that there was insufficient evidence to support the jury's verdict that he was guilty of possessing a firearm and marijuana.

"Possession may be actual or constructive, joint or sole." *United States v. Boffil-Rivera*, 607 F.3d 736, 740 (11th Cir. 2010). "[C]onstructive possession exists when the defendant exercises ownership, dominion, or control over the item or has the power and intent to exercise dominion or control." *United States v. Conage*, 976 F.3d 1244, 1255 (11th Cir. 2020) (citing *United States v. Beckles*, 565 F.3d 832, 841 (11th Cir. 2009)).

Here, there was sufficient evidence for a reasonable jury to find that Moorer knowingly possessed the firearm and the marijuana in the Chevrolet truck. Moorer's confession that the truck and the items in it were his, Detective Bakane's testimony that the firearm and the marijuana were found on the bench seat of the truck, and Bakane's testimony that he discovered Moorer's identification card in the glove box were sufficient for a reasonable jury to conclude that Moorer constructively possessed the firearm and the marijuana. Furthermore, Moorer's confession was corroborated by the independent evidence of his identification card in the glovebox of the truck as well as the fact that he was sitting near the Chevrolet truck and that he knew what was in the truck before he incriminated himself by claiming ownership of the truck and the items. *See United States v.*

5

*Morales*, 893 F.3d 1360, 1371 (11th Cir. 2018) (holding that the government must present corroborating evidence "to establish the trustworthiness of the confession").

**AFFIRMED.**